IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **AARON M. THOMPSON** | * | |
| *Plaintiff* | * | |
| v. | * | Civil Action No. RWT-12-1091 |
| **CIRCUIT COURT OF PRINCE GEORGE'S CO.** | * | |
| | * | |
| *Defendant.* | | |

***

## MEMORANDUM OPINION

The above-captioned case was filed on April 10, 2012, together with a Motion to Proceed *in Forma Pauperis*. *See* ECF No. 2. Because he appears indigent, Plaintiff's Motion to Proceed *in Forma Pauperis* will be granted.

Plaintiff seeks damages and injunctive relief. He states that on an unspecified date in 1996 he entered an *Alford* plea to one count of child abuse pursuant to Article 27, Section 35(a) of the Annotated Code of Maryland. *See* Compl. at 2. He states that his conviction did not qualify him as part of the Maryland Sex Offender Registry. *Id.* He states that on an unspecified date he was advised by the Sex Offender Unit Manager that he was convicted of violating Article 27, Section 35(c) of the Annotated Code of Maryland and under that section is required to register. *Id.* Plaintiff states this is an error and asks that this Court direct the Circuit Court of Prince George's County, Maryland correct its records and remove Plaintiff's name from the sex offender unit registry. *Id.* at 3.

Because Plaintiff seeks to compel a certain action by the state and/or its agents, the Court concludes that the present matter is in the nature of a writ of mandamus. *See* 28 U.S.C. § 1361. Federal district courts have original jurisdiction of any action in the nature of mandamus to

compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, this federal district court has no mandamus jurisdiction over state employees and cannot compel the Maryland state courts to correct its record or a Maryland agency to remove Plaintiff's name from the sex offender registry. *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 586-87 (4th Cir. 1969). Therefore, Plaintiff's request for mandamus relief shall be denied.

Additionally, Plaintiff's claim for damages may not proceed. Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Penhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. State Gov't Code Ann. § 12-201, it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, Plaintiff's complaint against the Circuit Court of Prince George's County, an agency of the State of Maryland, is barred by the Eleventh Amendment.

In light of the lack of jurisdiction over the matter asserted, the Complaint shall be dismissed.

June 4, 2012                                              /s/
Date                                                      Roger W. Titus
                                                          United States District Judge